IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SCHUMÉ NAVARRO,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

    Defendant.

## COMPLAINT & JURY DEMAND

### THE CLAIMS & THE OPERATIVE FACTS

1. Plaintiff, Schumé Navarro, is disabled and unable to wear certain face coverings due to her disabilities.

2. One of those disabilities is a psychological disorder stemming from severe child abuse incidents that included suffocation. This disability causes her to panic and have substantial difficulty concentrating when her mouth or nose is covered.

3. The other disability is a nasal deformity that makes it difficult for Mrs. Navarro to breathe even when not wearing a face covering. Essentially, only one of Mrs. Navarro's nostrils works, and even that nostril has limited functionality.

4. Wearing a face covering exacerbates her breathing difficulties.

5. Mrs. Navarro believes this disability stems from childhood abuse as well. Her doctor indicates that it appears to be a longstanding injury, and Mrs. Navarro has had breathing difficulties for many years.

6. Both of these conditions are documented in Mrs. Navarro's medical records.

7. Mrs. Navarro received treatment for both of these conditions before the advent of the COVID-19 pandemic and continues to receive treatment for them as necessary.

8. Mrs. Navarro is a candidate for the District D seat on the Cherry Creek School Board. She has filed the necessary documents for such candidacy and will appear on the ballot in the November 2021 election.

9. Defendant, Cherry Creek School District No. 5, hosts several forums for school board candidates. These forums are held at District facilities.

10. Defendant's policy is to require all attendees and participants at these forums to wear a face covering while indoors.

11. Prior to the first such forum, Mrs. Navarro provided the District with documentation of her disabilities and asked for an accommodation.

12. This documentation included a statement from one of Mrs. Navarro's treatment providers stating that Mrs. Navarro "cannot medically tolerate a face covering due to a prior suffocation trauma that she has experienced."

13. The District nonetheless refused to grant any accommodation.

14. At the candidate forum on September 14, 2021, at Overland High School, a security guard refused Mrs. Navarro entry until she put on a disposable medical face mask provided by the District.

15. Mrs. Navarro attempted to participate in the forum using the District-provided mask, but wearing the mask caused her to have difficulty breathing, substantial anxiety, and overwhelming distraction.

16. As a result, she was unable to concentrate and adequately answer voter questions.

17. When Mrs. Navarro attempted to regain her composure by pulling the mask

away from her mouth and nose, the forum moderator used a microphone to call her out for not properly wearing a mask.

18. Due to this public reprimand and the anxiety she was experiencing, Mrs. Navarro cried on stage.

19. On September 20, 2021, the District sent out an e-mail to all school board candidates stating that anyone who did not wear a face covering "over [her] nose and mouth, even while speaking" would be treated as a trespasser and barred from school property.

20. Mrs. Navarro contacted the District again on September 22, 2021, and asked for a reasonable accommodation for future forums.

21. The District refused to discuss any accommodation, not even one that would not have required Mrs. Navarro to be physically present.

22. Additional candidate forums were held on September 21 and 22, 2021. Mrs. Navarro did not attend, knowing that she would be denied entry.

23. On September 21, Mrs. Navarro did not go to the location at all.

24. On September 22, Mrs. Navarro handed out campaign material outside of the event, but would have been denied entry had she attempted to go inside.

25. Additional candidate forums are scheduled for September 28, September 30, and October 7, 2021.

26. Unless there is judicial intervention, Mrs. Navarro expects she will be denied entry or other reasonable accommodation at these forums as well.

27. On information and belief, the District has allowed its own employees to be maskless within school buildings without an approved exemption and without jumping through the hoops to which it has subjected Mrs. Navarro.

28. The District has allowed other candidates to wear masks "improperly"—such

as below the nose—within District buildings, without those persons being subjected to the public shaming to which the District subjected Mrs. Navarro.

29. On information and belief, Defendant receives federal funding sufficient to subject it to the requirements of the Rehabilitation Act.

30. Based on the foregoing facts, the District has violated Rehabilitation Act § 504, 29 U.S.C. § 794 (2018); Title II of the Americans with Disabilities Act (ADA) §§ 201–05, 42 U.S.C. §§ 12131–34 (2018); and Colo. Rev. Stat. § 24-34-802 (2020).

## JURISDICTION AND VENUE

31. Mrs. Navarro's Rehabilitation Act and ADA claims arise under the laws of the United States. The Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331 (2018).

32. Mrs. Navarro's state-law claim is so related to her federal claims as to form part of the same case or controversy. Therefore, the Court has supplemental jurisdiction over her state claim under 28 U.S.C. § 1367 (2018).

33. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2018) because Defendant resides in the District and all events or omissions giving rise to Mrs. Navarro's claims occurred here.

## PRAYER FOR RELIEF

34. Wherefore, Mrs. Navarro asks for the following relief:

    a. an injunction permitting Mrs. Navarro to enter and participate in any candidate forums hosted by Defendant, so long as she remains a candidate for the Cherry Creek School Board, with accommodations adequate to place her on equal footing with other candidates;

    b. actual damages in an amount to be proved at trial;

    c. a statutory fine of $3500 per violation, payable to Mrs. Navarro, as

allowed by section 24-34-802;[1]

    d.    costs and reasonable attorney fees as allowed by 29 U.S.C. § 794a(b) (2018), 42 U.S.C. § 12133, and Colo. Rev. Stat. § 24-24-802; and

    e.    such other relief as the Court finds just and proper.

### JURY DEMAND

35.    Plaintiff requests a trial by jury on all issues and claims so triable.

s/ Daniel E. Burrows
**Daniel E. Burrows**
Public Trust Institute
98 Wadsworth Blvd. #127-3071
Lakewood, CO 80226
Telephone: (720) 588-2008
E-mail: dburrows@publictrustinstitute.org
Attorney for Plaintiff

---

[1] Plaintiff presently calculates this fine at $10,500 ($3500 for each of the candidate forums held thus far) but notes that the amount may increase based on Defendant's behavior at the remaining candidate forums mentioned in ¶ 25.

## VERIFICATION

STATE OF COLORADO

COUNTY OF Arapahoe

I, Schumé Navarro, affirm that I am the Plaintiff named in the foregoing Complaint and Jury Demand; I have read such document; and the statements contained therein are true and correct to the best of my knowledge, information, and belief.

*[signature]*

Subscribed before me this 27th day of September, 2021.

*[signature]* McCullough
Notary Public

My commission expires: 5/20/2024

> Rochelle McCullough
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID# 20084015016
> MY COMMISSION EXPIRES 5/20/2024