**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-02621-DDD

SCHUMÉ NAVARRO,

      Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

      Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

---

    Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order & Preliminary Injunction (Doc. 2). Plaintiff Schumé Navarro, a candidate for a seat on Defendant Cherry Creek School District No. 5's school board, seeks an order requiring the District to allow her to participate in school board candidate forums without wearing a facial covering because she cannot medically tolerate a face covering.

    To the extent Ms. Navarro seeks issuance of a temporary restraining order without notice to the District and an opportunity for the District to be heard, that request is denied. The Court will treat the motion as a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a).

    It is therefore ORDERED that:

    Plaintiff must, as soon as possible but no later than 5:00 p.m. on September 29, 2021, serve Defendant with a summons, a copy of the

operative complaint, a copy of the motion and all exhibits thereto, and a copy of this Order in accordance with the requirements of Federal Rule of Civil Procedure 4, and must promptly file proof of such service in accordance with Federal Rule of Civil Procedure 4(l)(1);

Defendant must respond to the motion by 3:00 p.m. on October 4, 2021. Defendant's response should address, among any other issues Defendant deems necessary: (1) why a letter provided by a Licensed Professional Counselor is insufficient to obtain a medical exemption from the District, given that an LPC is a mental health professional licensed by the State of Colorado to provide mental health and psychological evaluation, assessment, diagnosis, and treatment to individuals, *see* Colo. Rev. Stat. 12-245-603, and why the District relied on a narrow definition of "Colorado-licensed medical provider" in the Tri-County Health Department's "Frequently Asked Questions" regarding the applicable Public Health Order (which incorporates a definition from a Colorado statute addressing the seemingly unrelated area of governmental immunity) that does not appear in the Public Health Order itself; and (2) why, regardless of the meaning of "Colorado-licensed medical provider" in the Public Health Order, Ms. Navarro is not a qualified individual with a disability entitled to reasonable accommodations under the applicable provisions of the Americans with Disabilities Act, Rehabilitation Act of 1973, and/or Colorado Anti-Discrimination Act;

Plaintiff may file a reply in support of the motion by 3:00 p.m. on October 5, 2021; and

The parties must submit all pertinent exhibits and direct witness testimony (by affidavit or declaration) as attachments to their briefs. After reviewing Defendant's response and Plaintiff's reply, if any, the Court will determine whether to (a) set a preliminary injunction hearing

to be held prior to the October 7, 2021 candidate forum, (b) request supplemental briefing from the parties on specific legal or factual questions, or (c) decide the motion on the papers submitted. Live testimony at the preliminary-injunction hearing, if one is held, will be limited to cross-examination and redirect examination.

DATED: September 28, 2021                BY THE COURT:

                                                           Hon. Daniel D. Domenico
                                                           United States District Judge